**WANG, GAO & ASSOCIATES, P.C.**
Heng Wang, Esq. (HW 0786)
36 Bridge Street
Metuchen, NJ 08840
Tel:     (732) 767-3020
Fax:    (732) 352-1419
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Herrera, Luis Nunez, *on behalf of themselves and others similarly situated*<br><br>Plaintiffs,<br><br>v.<br><br>Executive Liquidation, Inc.; Karl Held; Jack Watkinson; Nancy Rose Banca; Casey Rose Hamlin; and John Does 1-5<br><br>Defendants. | **CIVIL ACTION**<br><br>**Case No.:**<br><br>**COMPLAINT, COLLECTIVE ACTION, CLASS ACTION, AND JURY DEMAND** |

Plaintiffs John Herrera (hereinafter "Herrera") and Luis Nunez (hereinafter "Nunez") (collectively referred to herein as "Plaintiffs"), by and through their undersigned counsel, by way of Complaint against Defendants Executive Liquidation, Inc. (hereinafter "Liquidation"), Karl Held (hereinafter "Held"), Jack Watkinson (hereinafter "Watkinson"), Nancy Rose Banca (hereinafter "Banca") and Casey Rose Hamlin (hereinafter "Hamlin") (collectively "Defendants"), state as follows:

### INTRODUCTION

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA"), and a class action under the New Jersey Wage and Hour Law, N.J.S.A. §34:11—56a, *et seq.* (the "NJWHL").

2. Plaintiffs allege on behalf of themselves and on behalf of other similarly-situated current and former employees of the Defendants, to remedy violations of the wage-and-hour provision of the FLSA by Defendants, that have deprived the Plaintiffs and other similarly situated of their lawful (i) wages from Defendants for overtime work for which they did not receive overtime premium pay as required by law; (ii) unpaid wages for hours worked but not paid for; (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et. seq.; (iv) prejudgment interest; (v) post-judgment interest; (vi) statutory attorneys' fees and costs; and (vii) appropriate injunctive relief.

3. Plaintiffs further allege on behalf of themselves and on behalf of other similarly-situated current and former employees of Defendants that among other things, they are entitled to back wages for their regular hours of work as well as for their overtime work for which Defendants willfully failed to pay as required by the NJWHL.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1337, and 29 U.S.C. 216(b) and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. 1391 because Plaintiffs were employed by Defendants in this district, and thus all transgressions occurred in this district.

## THE PARTIES

7. Plaintiffs are individuals who reside in the State of New Jersey.

8. Upon information and belief, Defendant Executive is a domestic business organized under the laws of the State of New Jersey with a principal place of business address at 100 Redneck Ave, Moonachie, NJ 07074.

9. Upon information and belief, Executive operates a liquidation service for companies and organizations that are relocating, downsizing, or reorganizing business.

10. Upon information and belief, Executive is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11. Defendants are "employers" as defined in the Fair Labor Standards Act and the New Jersey Wage and Hour Law.

12. Upon information and belief, Defendant Held is an owner and the president of Defendant Liquidation.

13. Upon information and belief, Defendant Watkinson is an operation manager of Defendant Liquidation.

14. Upon information and belief, Defendant Banca is responsible for human resources tasks at Defendant Liquidation.

15. Upon information and belief, Defendant Hamlin is responsible for human resources tasks at Defendant Liquidation.

16. All individual defendants are involved in the daily operation and/or management of Defendant Liquidation.

17. They each supervised the workers in general during Plaintiffs' employment, and were responsible for, among other things, overseeing employees' work schedules, compensation, and Defendant Liquidation's pay and recordkeeping practices.

18. All individual defendants should be held personally liable for Defendants' labor law

violations.

19. John Doe 1-5 are individuals associated with Defendants who should also be held liable but whose names are currently unknown.

## CLASS AND COLLECTIVE ALLEGATIONS

20. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

21. Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants who elect to opt in to this action (the "FLSA Collective").

22. The Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the Collective, and as such, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have been underpaid wages and overtime in violation of the FLSA who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records that Defendants are required to create and maintain under applicable federal and state law. Notice should be sent to the Collective pursuant to 29 U.S.C. 216(b).

23. Plaintiffs also bring this action on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedures (hereinafter "the Class").

24. The members of the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of

Defendants.

25. The claims of Plaintiffs are typical of the claims of the Rule 23 Class.

26. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

27. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs have no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

28. Plaintiffs and the Rule 23 Class work or have worked for Defendants in its business and have not been paid proper wages for the hours that they have worked.

29. Defendants have acted and/or refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

30. Questions of law and fact are common to all the members of the Class that predominate over any questions affecting only individual members.

31. Plaintiffs will protect the interests of the Class fairly and adequately, and Plaintiffs have retained counsel competent and experienced in labor and employment litigation and class action litigation.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a company. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual member of the Class are not de minimis, such

damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Defendants' practices.

33. It has been Defendants' persistent policy, pattern and practice, to fail to pay its employees proper wages and overtime as required by law.

34. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the NJWHL. This pattern and practice includes, but is not limited to, the following:

>   (a) Willfully failing to accurately record all of the time that its employees, including Plaintiffs, the Collective, and the Class, have worked for the benefit of the Defendants;
>
>   (b) Willfully failing to keep accurate employment records as required by the FLSA and the NJWHL; and
>
>   (c) Willfully failing to pay its employees, including Plaintiffs, the Collective and the Class, overtime wages for hours that they worked in excess of 40 hours per week.

35. Defendants' unlawful conduct has been widespread, repeated and consistent.

## FACTUAL ALLEGATIONS

36. Plaintiff Herrera worked as a truck driver for Defendants from on or about August 5, 2019 until on or about September 2019.

37. Herrera worked more than 9 hours per day, about 5 to 6 days per week.

38. Plaintiff Nunez worked for Defendants once before, stopped working, and then

returned to work for Defendants from on or about December 15, 2017 until on or about October 24, 2019.

39. Nunez worked as both a warehouse worker and a truck driver for Defendants about 5 to 6 days per week.

40. When Nunez worked as warehouse worker, he generally worked from around 7:30 am to around 4pm. However, he worked mostly as a driver from around 7:30 am to around 1:30 am, late at night.

41. Plaintiffs were paid once per week.

42. Defendant Liquidation only had two trucks. Thus, Plaintiffs sometimes had to start working much earlier than 7:30 am in order to allow extra time to pick up the rental trucks when the company had a shortage of trucks and had to obtain them from outside companies.

43. At all relevant times, Plaintiffs did not have a fixed, pre-set, or scheduled meal time.

44. Plaintiffs were only afforded a short time – a few minutes – to take a meal break. Furthermore, if the company needed their assistance, Plaintiffs had no choice but to immediately return to work and stop their meal break.

45. Upon information and belief, Defendants mishandled Plaintiffs' lunch breaks and dinner breaks, and automatically deducted half an hour of time for lunch break and half an hour of time for dinner breaks, even though this was much longer than the actual time of meal breaks taken by Plaintiffs. On some days, Plaintiffs were unable to take any meal break yet the time was automatically deducted.

46. Defendants also failed to accurately track meal breaks, if any, that were taken; thus, there is no basis for them to automatically deduct fixed amount of time.

47. In addition, Defendants failed to maintain a time clock or other time-keeping mechanism or tool at the off-site work locations where their employees, including Plaintiffs, worked.

48. Defendants also failed to provide sick leave, and made deductions from its employees' wages for sick days.

49. Defendants failed to pay Plaintiffs all wages earned by them and all wages due and owing to Plaintiffs.

50. Defendants also failed to maintain proper employment records as required by the federal and state labor law statutes.

### COUNT I
**Fair Labor Standards Act, 29 USC 201 *et seq*.: Failure to Pay Overtime**
**(Brought on Behalf of Plaintiffs and the Collective)**

51. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

52. During the FLSA Class period, Plaintiffs and other similarly situated individuals were "employees" of Defendants within the meaning of the FLSA, 29 USC 203(e) and (g).

53. At all relevant times, Defendants have been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 USC 203.

54. At all relevant times, Defendants' business had had annual gross revenues in excess of $500,000.

55. Plaintiffs have consented in writing to be parties to this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent are annexed hereto and incorporated by reference.

56. Defendants were required to pay Plaintiffs and others similarly situated, all wages due, including applicable overtime wages, for all hours worked in excess of 40 hours in a

workweek.

57. During the FLSA Class period, Defendants failed to pay Plaintiffs and similarly-situated individuals all wages due, including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek to which they were entitled under the FLSA, 29 USC 207.

58. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week to which plaintiff was entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. §207(a)(1).

59. Defendants' violation of the overtime requirements of the FLSA was part of its regular business practice and constituted a pattern, practice, and/or policy.

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. As a result of Defendants' FLSA violations, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recover from Defendants their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

62. Defendants' unlawful conduct, as described herein, was willful and intentional and/or was not in good faith. Defendants knew or should have known that the practices complained of herein were unlawful. Defendants knew that Plaintiffs and others

similarly situated routinely worked in excess of 40 hours per week and that Plaintiffs and others similarly situated were not paid for all hours worked.

63. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and others similarly situated.

64. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitation applies, pursuant to the FLSA< 29 USC 255(a).

65. Plaintiffs and the Collective seek to enjoin Defendants from its continuing violations of 29 USC 207.

## COUNT II
### NJWHL, Article 19: Failure to Pay Overtime
**(Brought on Behalf of Plaintiffs and the NJWHL Class)**

66. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

67. At all relevant times, Plaintiffs and the Class were employed by Defendants within the meaning of the NJWHL.

68. At all relevant times, Defendants willfully violated Plaintiffs and the Class members' rights by failing to pay them overtime wages for hours worked in excess of forty hours per week at a wage rate of one and one-half times their regular rate of pay to which Plaintiffs and the Class were entitled under N.J.S.A. 34:11-56a4 and N.J.A.C. 12:56-6.1.

69. As a result of Defendants' NJWHL violations, Plaintiffs and the Class members have suffered damages in amounts to be determined at trial, and are entitled to recover from Defendants, their unpaid overtime wages, prejudgment and post-judgment interest, as well as reasonable attorney fees and costs of the action, pursuant to the NJWHL.

### COUNT III
### Unpaid Wages Under the Fair Labor Standards Act
### (Brought on Behalf of Plaintiffs and the Collective)

70. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

71. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and the Collective in full, for some or all of the hours they worked.

72. The FLSA provides that any employer who violates the provisions of 29 U.S.C.§ 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

73. Due to Defendants' violations of the FLSA, Plaintiffs and the Collective are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### COUNT VI
### Unpaid Wage Under The New Jersey Wage and Hour Law
### (Brought on Behalf of Plaintiffs and the Class)

74. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

75. Defendants willfully failed to pay Plaintiffs and the FLSA Collective class members' full wages for hours worked in violation of the NJWHL.

76. Defendants' violations of the NJWHL as described in this Complaint have been willful and intentional.

77. Defendants have not made a good faith effort to comply with the applicable laws with respect to compensating Plaintiffs and the Class.

78. Due to Defendants' NJWHL violations, Plaintiffs and the Class members are entitled to recover from Defendants their unpaid wages, and other benefits, and an equal amount in the form of liquidated damages, as well as reasonable attorney fees and costs of the action, including interest, pursuant to the NJWHL.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, including the Collective and the Class, pray for the following relief:

1. An order certifying this case as a collective action for the violations of the FLSA, as it pertains to the claims filed under 29 USC 216 for the class of employees described herein and designating Plaintiffs' counsel as Class Counsel;

2. An order stating that Plaintiffs be allowed to give notice of this collective action, or that the Court issues such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court supervised notice, been employed by Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

3. An order certifying this case as a class action for violations of the NJWHL as it pertains to the claims under FRCP 23 for the class of employees described herein, appointing Plaintiff(s) as class representative, and appointing Plaintiffs' counsel as Class Counsel;

4. An order issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and the NJWHL.

5. An Injunction enjoining Defendants from further unlawful labor law practices;

6. An award granting Plaintiffs and the Class and the Collective members all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post-judgment interest, statutory damages, and any other damages that may be just and proper;

7. An award granting Plaintiffs and the Class and the Collective members their reasonable attorneys' fees, costs and expenses, as authorized by law;

8. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: July 23, 2020

           **WANG, GAO & ASSOCIATES, P.C.**
           *Attorney for Plaintiffs, the Collective, and the Class*

           */s Heng Wang*
           By: Heng Wang, Esq.
           36 Bridge Street
           Metuchen, NJ 08840
           Tel:   (732) 767-3020
           Fax:  (732) 352-1419